UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LINH STEPHENS, G.S. (daughter), | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 22-CV-0480-CVE-JFJ |
| | ) | |
| JUDGE RODNEY SPARKMAN, et. al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court are a pro se complaint filed by "plaintiffs Linh Stephens, G.S., daughter"[1] (Dkt. # 1), and a motion to proceed in forma pauperis (Dkt. # 2). Plaintiff alleges that her constitutional rights were violated in the course of state court child custody proceedings, and she attacks the entry and validity of orders issued during those proceedings. Plaintiff alleges violations of Title II of the Americans with Disabilities Act (ADA), and alleges claims under 42 U.S.C. §§ 1983, 1985(3), and 1986 for malicious prosecution and violations of due process and equal protection under the United States Constitution. See Dkt. # 1. The complaint also mentions a state law claim for intentional infliction of emotional distress. Id. at 2, 31. Plaintiff seeks declaratory and

---

[1] The Court notes that the Tenth Circuit has held that "a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986). Although there are certain narrow exceptions to the general rule--e.g. where a non-attorney parent represents a minor child in administrative proceedings as to disability benefits--the circumstance here does not fit into that category of narrow exceptions to the general prohibition on non-attorney parents representing minor children. See Adams ex rel. D.J.W. v. Astrue, 659 F.3d 1297, 1300 (10th Cir. 2011). Thus, G.S. must be represented by counsel in order for G.S. to be a proper party. As no counsel for G.S. has filed an appearance in this case, G.S. is terminated as a party plaintiff.

injunctive relief in the form of enjoining the Oklahoma state court proceedings, as well as monetary damages.  See id. at 2, 30-32, 33-34.

Throughout the complaint, plaintiff cites to numerous state court cases that form the basis of her allegations.  This Court has reviewed the pending state court proceedings on the Oklahoma State Courts Network (OSCN),[2] and finds that all of the state court proceedings about which plaintiff complains are ongoing.[3]  Because of the child custody and other state law issues implicated in this case, the Court finds that sua sponte consideration of abstention under Younger v. Harris, 401 U.S. 37 (1971) is required.

## I.

In this case, plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe her pro se pleadings liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).  Plaintiff's complaint includes pages of familial history, and the alleged events relevant to plaintiff's claims began in November 2021.  Dkt. # 1, at 9.  The complaint alleges the following facts:

In November 2021, plaintiff Linh Stephens filed police reports in Rogers and Tulsa Counties and an application for a protective order against defendant Adam Stephens, G.S.'s biological father, after G.S. "disclosed sexual abuse and efforts of intimidation" by Adam Stephens.  Dkt. # 1, at 9.

---

[2]     "Federal Rule of Evidence 201 authorizes court to take judicial notice of adjudicative facts at any stage of the proceedings, and in the absence of a request of a party."  Zimomra v. Alamo Rent-A-Car, Inc., 111 F.3d 1495, 1503 (10th Cir. 1997).

[3]     The child custody dispute, and other family law matters in Tulsa County District Court (PO-2021-3843 and PO-2021-4059) about which plaintiff complains, are consolidated under Tulsa County District Court case number FD-2015-2228.  Linh Stephens's criminal misdemeanor cases for violations of protective orders are Rogers County District Court case numbers CM-2022-157 and CM-2022-285.

An emergency protective order was issued, <u>Stephens v. Stephens</u>, No. PO-2021-3843 (Okla. Dist. Ct. Nov. 24, 2021), and a hearing on the application was scheduled for December 8, 2021. Dkt. # 1, at 9. Linh Stephens hired defendants Erica Parks and Dale Warner as her attorneys in the child custody matter. Defendant Bridget O'Brien, an Oklahoma Department of Human Services (DHS) Child Protective Services (CPS) case worker was assigned to investigate the case, and defendant Stephen E. Hale was appointed guardian-ad-litem (GAL) for G.S. <u>Id.</u>

On December 3, 2021, DHS placed G.S. in a foster home. <u>Id.</u> at 11. Then, on December 13, 2021, Linh Stephens was informed that Adam "had sole temporary custody of G.S." <u>Id.</u> at 13. On December 14, 2021, Adam Stephens filed an application for a protective order against Linh Stephens and an emergency protective order was issued. <u>Id.</u>; <u>Stephens v. Stephens</u>, No. PO-2021-4059 (Okla. Dist. Ct. Dec. 14, 2021) On December 20, 2021, defendant Judge Rodney Sparkman conducted a virtual hearing on both applications for protective orders, as well as Adam Stephens's request for emergency custody. Dkt. # 1, at 14. Adam Stephens was granted "emergency sole custody" during the December 20, 2021 hearing and both protective orders were continued. <u>Id.</u> A subsequent hearing was held on March 21, 2022, which resulted in a continuation of the emergency custody order. <u>Id.</u> at 15. Plaintiff challenges the evidence presented and the orders that resulted from these proceedings. <u>Id.</u>

On June 1, 2022, a "show cause hearing" was conducted in person before defendant Judge April Seibert. <u>Id.</u> at 18-22. The complaint alleges that Linh Stephens's "ADA advocate" was "blocked out of the court hearing virtually." <u>Id.</u> at 18. Judge Seibert ordered that the emergency custody order, granting temporary sole custody to Adam Stephens, be continued, as well as both protective orders against Linh Stephens and Adam Stephens. In addition, Linh and Adam Stephens

3

were each ordered to complete psychological evaluations. Id. at 20-21. On August, 5, 2022, Linh Stephens appealed Judge Seibert's order from the June 1, 2022, hearing. Id. at 23. The Oklahoma Supreme Court dismissed Linh Stephens's appeal for lack of an appealable order on October 18, 2022. Id.; Stephens v. Stephens, No. DF-120612 (Okla. Oct. 10, 2022). Plaintiff challenges evidence heard during the June 1, 2022 hearing, and the subsequent orders continuing emergency custody. Dkt. # 1, at 10-22. Plaintiff also challenges the orders from subsequent proceedings on August, 19, 2022, September 9, 2022, and October 20, 2022, in the child custody case. Id. at 23-28.

In addition to the child custody proceedings, the complaint alleges that in March and May 2022, the State of Oklahoma brought criminal misdemeanor charges in Rogers County District Court against Linh Stephens for violations of the protective order against her. Id. at 17-18. Warrants were issues and Linh Stephens was arrested on each warrant and released on personal recognizance bonds. Id. at 18. Plaintiff challenges the validity of these pending charges. Id.

## II.

Under the Supreme Court's decision in Younger v. Harris, 401 U.S. 37, 91 (1971), and its progeny, a "federal district court must abstain from exercising jurisdiction when three conditions are satisfied: (1) there are ongoing state proceedings; (2) the state court offers an adequate forum to hear the plaintiff's claims from the federal lawsuit; and (3) the state proceeding involves important state interests." Morkel v. Davis, 513 Fed. App'x 724, 727 (10th Cir. 2013)[4] (citing Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). The Tenth Circuit has held that "when these conditions are met, the application of *Younger* is mandatory." Morkel, 513 Fed.

---

[4]     This unpublished opinion is not precedential, but may be cited for its persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

App'x (citing Weitzel v. Div. of Occupational and Prof'l Licensing of Dep't of Commerce, 240 F.3d 871, 875 (10th Cir. 2001)); Graff v. Aberdeen Enterprises, II, No. 21-5031, slip op. at 38 (10th Cir. Apr. 10, 2023) (stating that "*Younger* abstention is required" when the three conditions are satisfied). Moreover, the Tenth Circuit has "consistently applied *Younger* to child custody cases." Morkel, 513 Fed. App'x at 728.  And, courts may address Younger abstention sua sponte.  Bellotti v. Baird, 428 U.S. 132, 143 n.10 (1976) ("abstention may be raised by the court Sua Sponte.").

The first factor, whether there are ongoing state proceedings, is clearly present here. Plaintiff's complaint references ongoing state proceedings, and the Court's review of OSCN confirmed that there are ongoing state proceedings regarding the child custody dispute between Linh Stephens and Adam Stephens, and that Linh Stephens's criminal misdemeanor cases for violations of a protective order are also ongoing.  According to the Tenth Circuit, both are the types of cases that implicate Younger.  See Morkel, 513 Fed. App'x at 728 (finding Younger implicated in an ongoing child custody case); Goings v. Sumner Cnty. Dist. Attorney's Off., 571 F. App'x 634, 638 (10th Cir. 2014)[5] (finding Younger implicated in an ongoing state criminal prosecution).  Thus, the Court finds that the first Younger factor is satisfied.

The second factor, whether the state offers an adequate forum to hear plaintiff's federal claims, is also satisfied here.  The Tenth Circuit has held that "[s]tate courts are generally equally capable of enforcing federal constitutional rights as federal courts.  And when constitutional challenges impact state proceedings, as they do here, 'proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its

---

[5]     This unpublished opinion is not precedential, but may be cited for its persuasive value.  See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

hand.'" Morkel, 513 Fed. App'x at 728 (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14 (1987)) (internal citations omitted). Here, the claims for relief alleged in the complaint demonstrate that the federal questions are intertwined with state interests; specifically, the plaintiff's alleged constitutional and federal law violations revolve around some state-actor defendants, including state agency employees, and, more broadly, the power of the DHS and state courts to intervene in familial relations, as well as the power of state prosecutors to prosecute crimes. See Dkt. # 1. Given these circumstances, Supreme Court and Tenth Circuit precedent clearly establish that a federal court should "stay its hand." Pennzoil Co., 481 U.S. at 14; Morkel, 513 Fed. App'x at 728. Therefore, the Court finds that the second factor is satisfied.

Finally, the third factor, whether the state proceeding involves important state interests, is also met here. "The whole subject of domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." Ankenbrandt v. Richards, 504 U.S. 689, 692 (quoting In re Burrus, 136 U.S. 586, 593-94 (1890)). In other words, "the resolution of child custody matters has been acknowledged as an important state interest." Morkel, 513 Fed. App'x at 729. The Tenth Circuit has also held that "comity considerations of the *Younger* doctrine are particularly vital in child custody proceedings, which are 'an especially delicate subject of state policy.'" Id. (quoting Morrow v. Winslow, 94 F.3d at 1386, 1393 (10th Cir. 1993)). Here, plaintiff challenges conduct related to, and findings of, child custody proceedings in state court; thus, plaintiff is both "implicitly and explicitly ask[ing] the district court to intervene in state custody proceedings, which *Younger* expressly prescribes." Id. "The reasons for abstention are only strengthened when we consider that [the state court] has continuing power to modify [plaintiff's] child custody arrangements[.]" Id. In addition, plaintiff challenges the basis for the state's pending

6

criminal misdemeanor charges, which is also an important state interest.  See  Goings, 571 F. App'x at 638 (stating that states have a "vital interest in prosecuting individuals believed to have committed crimes").  Therefore, the Court finds that the third factor is also satisfied.

Although not precisely an issue of subject matter jurisdiction, a dismissal under Younger is akin to a dismissal for lack of subject matter jurisdiction[6] and plaintiff's claims should be dismissed without prejudice.[7]  Goings, 571 F. App'x at 639-40; see also Chapman v. Oklahoma, 472 F.3d 747, 748 (10th  Cir. 2006) (finding that dismissal without prejudice is the proper remedy when the three Younger conditions are met).

---

[6]  "It is unclear in this circuit whether *Younger* abstention implicates federal courts' subject matter jurisdiction. . . .  Given that dismissal without prejudice is the proper result whether or not *Younger* abstention affects a federal court's subject matter jurisdiction, . . . , this court does not further consider the doctrine's jurisdictional pedigree" Graff, No. 21-5031, slip op. at 38 n.32 (citing Goings, 571 F. App'x at 639-40 n.4 ("[T]he salient point is that *Younger* required the district court *not to rule* on the merits of [plaintiff's] complaint.")).

[7]  While Younger requires dismissal of claims for declaratory and injunctive relief, it typically does not require dismissal of monetary claims.  Graff, No. 21-5031, slip op. at 38 (explaining that for money damages, it is appropriate to "stay[] proceedings on the federal damages claim until the state proceedings is final").  However, the Tenth Circuit has found Younger abstention to be the appropriate ground for dismissal in other cases in which plaintiffs seek monetary relief, in addition to declaratory and injunctive relief.  See Goings, 571 Fed. App'x at 639-40 (finding that Younger abstention "should have been the *sole* ground for dismissal" and the district court should not have continued to "determine that the complaint failed to state a legally actionable claim" in a case in which a pro se plaintiff sought not only declaratory and injunctive relief, but also compensatory and punitive monetary damages for the same claims).  Because plaintiff seeks leave to proceed in forma pauperis, the requirements of 28 U.S.C. § 1915 are applicable.  See Lister v. Dep't of Treasury, 408 F.3d 1309 (10th Cir. 2005).  Section 1915(e)(2) requires a district court to dismiss a case if at any time the court determines that "the action . . . (ii) fails to state a claim on which relief may be granted."  In this case, plaintiff's claims for declaratory and injunctive relief are the exact same claims for which she also seeks monetary relief.  If the Court does not dismiss the monetary claims under Younger, then it would proceed to address the merits of those claims, which would be "improper."  Goings, 571 Fed. App'x at 639.  Therefore, it is proper to dismiss all of plaintiff's claims without prejudice.

**IT IS THEREFORE ORDERED** that G.S. is terminated as a party plaintiff without prejudice.

**IT IS FURTHER ORDERED** that plaintiff Linh Stephens's complaint (Dkt. # 1) is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed <u>in forma</u> <u>pauperis</u> (Dkt. # 2) is **moot**.

**DATED** this 18th day of April, 2023.

_____

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE